THE PARSONS. WATER COMPANY v. C. W. HILL.

No. 70.

1. JURISDICTION — *Courts of Appeals.* The courts of appeals cannot consider a case made and filed in the supreme court upon which that court rendered its decision and issued its mandate to the district court directing a reversal of the original judgment in part and a modification in another portion, for the purpose of determining whether the district court rendered the proper judgment on the mandate and decision of the supreme court or not. It cannot treat the case made in the former judgment as a case made in the latter or modified judgment.

2. ———— *Necessary Contents of Case Made.* If the plaintiff in error desires to have the judgment of the district court in modifying the original judgment under the mandate and decision of the supreme court reversed by the courts of appeals, it should have made a case containing a statement of so much of the proceedings and evidence or other matters in the case as would be necessary to present the errors complained of; not having done so, there is nothing before the court upon which it can determine that the district court erred in not following the mandate and decision of the supreme court.

MEMORANDUM.— Error from Neosho district court; L. STILLWELL, judge. Action by C. W. Hill against The Parsons Water Company on motion for judgment in accordance with the mandate of the supreme court. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed June 2, 1896, states the material facts.

*Kimball & Osgood,* for plaintiff in error.

*J. H. Criley,* and *J. L. Denison,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : On the 20th day of July, 1887, the defendant in error obtained a judgment in the district court of Neosho county, against the plaintiff in error, for the sum of $1,076.71. The case was taken to the supreme court on error, and that court reversed the case as to the second cause of action, and affirmed the judgment as to the first cause of action. At the November term, 1891, of the district of Neosho county, the plaintiff in the original action moved the court for judgment as directed by the mandate of the supreme court. On the 17th day of November, 1891, the district court ordered that the former judgment of the court as to the second cause of action set out in plaintiff's petition be set aside, and that said cause of action be dismissed ; and that the former judgment of the court be modified so that it stand as a judgment in favor of the plaintiff against the defendant on the $400 note sued on and set out in the first cause of action, and interest on the same. November 20, 1891, plaintiff in error filed its motion for a new trial. The motion for a new trial was heard by the court and

overruled, to which ruling the defendant, the Parsons Water Company, excepted, and to reverse said judgment and ruling of the district court it brings the case here on petition in error.

The plaintiff in error attaches a certified transcript of the proceedings had in the district court of Neosho county after the case was remanded back by the supreme court. The transcript attached to the petition in error contains the motion of the plaintiff below for judgment as directed by the mandate of the supreme court sent to the district court, and the judgment of the district court, which was as follows :

"And now, on this 17th day of November, A. D. 1891, comes the said plaintiff, by J. H: Criley and J. L. Denison, his attorneys, and the said defendant, by C. H. Kimball, its attorney ; and thereupon said cause came on to be heard upon the motion of said plaintiff for judgment in accordance with the mandate and opinion of the supreme court of the state of Kansas, filed herein. The defendant objected to the rendition of any further judgment herein, for the reason that the opinion and mandate did not authorize and require it ; and for the further reason that on August 19, 1891, the defendant paid to the clerk of this court, for the use of the plaintiff, the sum of $62.35, being the full amount of the costs herein, and the further sum of $284.15, the latter sum being, as claimed by defendant, the full amount due said plaintiff on the judgment rendered herein as modified by the supreme court, as the said defendant understood and interpreted said opinion and mandate. And the court doth find that the defendant did pay into court the sums of money for the purpose aforesaid, and that the sum of $62.35 was in full of the costs of said action ; but the court is of the opinion that, under the opinion and mandate of the supreme court, the sum paid into court by said defendant is not the full amount due said plaintiff. The court, after carefully examining said mandate and opinion, and after hearing the argument of counsel,

ordered that the former judgment of this court, as to the second cause of action set out in said plaintiff's petition, be and the same is hereby set aside, and that said cause of action be and the same is hereby dismissed, and that said former judgment of this court be and the same is hereby modified so that the same shall stand as a judgment in favor of said plaintiff and against said defendant on the $400 note sued on herein, and interest on the same at the rate of 10 per cent. per annum up to the day of the rendition of the verdict in said action, to wit, July 20, 1887, said amount being $542.22 ; said judgment as modified now to stand as of date July 20, 1887, in favor of said plaintiff, and against said defendant for $542.22, with interest at the rate of 10 per cent. per annum thereon from said day, and for the costs of this action ; hereof let execution issue ; to which rulings of the court the defendant at the time duly excepted.''

The transcript also contains the motion of the defendant below for a new trial, the judgment of the court overruling the motion for new trial, with the following certificate of the clerk thereto :

'' I, W. H. Nation, clerk of the district court of the seventh judicial district of the state of Kansas, sitting within and for the county aforesaid, do hereby certify the above and foregoing to be a true, full and complete copy of motion of plaintiff for judgment on the mandate, order and judgment thereon, motion of defendant to vacate and set aside judgment and order, and the order of the court overruling said motion, in the therein entitled cause, as the same remain on file and of record in my office, and that the same constitute a full record of all proceedings in said action subsequent to the filing of the opinion and mandate of the supreme court therein. Witness my hand, and the seal of said court, affixed at my office in Erie, this 8th day of January, A. D. 1892.        W. H. NATION,
    [L. S.]                    *Clerk of the District Court.*''

The foregoing is all that is contained in the transcript, but after the case was certified to this court

there was filed with the clerk of the court the original case made upon which the cause was heard in the supreme court.

Counsel for plaintiff in error contend that the only question is, whether the court below fully understood the decision of the supreme court and rendered the proper judgment thereon. Can this court, on this condition of the record, review the judgment of the district court as modified under the mandate of the supreme court? From an examination of the record, it is impossible for this court to say whether the court below understood the decision of the supreme court or not. The record does not disclose what the mandate of the supreme court directed the district court to do. As the mandate is not contained in the record, we must presume that the district court followed the directions contained in the mandate of the supreme court. This court cannot presume that the district court erred. Error is never presumed, but must be clearly shown by the record before a reviewing court can reverse the judgment of a lower court. We cannot consider the case made and filed in the supreme court, upon which the court rendered its decision and issued its mandate to the district court directing a reversal of the original judgment in part and a modification in another portion, for the purpose of determining whether the district court rendered the proper judgment on the mandate and decision of the supreme court or not. We cannot treat the case made in the former judgment as a case made in the latter or modified judgment. That case made had served its purpose, and was a part of the records of the supreme court in that proceeding in error; and if the plaintiff in error desired to have the judgment of the district court in modifying the original judgment under the

22—KAN. APP.

mandate and decision of the supreme court reversed by a reviewing court, it should have made a case containing a statement of so much of the proceedings and evidence or other matters in the action as would be necessary to present the errors complained of to the reviewing court; not having done so, there is nothing before this court upon which it can determine that the district court erred in not following the mandate and decision of the supreme court.

The judgment of the district court is affirmed, with costs.

All the Judges concurring.